JAMES W. COOPER ET AL. v. MARTIN W. BROCK.

*Mortgage by construction—Comp. L., § 4706 supersedes § 4703 as to mortgages of chattels.*

An instrument must be considered a mortgage if, taken alone or in connection with surrounding facts, it appears to have been given as a security; the mere absence of terms of defeasance cannot determine whether it is a mortgage or not.

An instrument purporting to be a bill of sale, but stating that it was given as security for money advanced, reciting a consideration of only $1,200, but purporting to convey articles in process of manufacture and worth $3,000; was construed as only a mortgage.

Under Comp. L., § 4706, a chattel mortgage is absolutely void as against creditors or subsequent purchasers or mortgagees, unless filed, or unless there is immediate delivery and actual and continued change of possession. Under § 4703 any conveyance of personalty is presumptively fraudulent under the same circumstances, and a claimant under it has the burden of showing good faith. *Held* that the question of good faith cannot arise under § 4706, and that § 4703 cannot therefore apply to chattel mortgages or to assignments of personalty by way of security.

Error to Bay.    Submitted July 1.    Decided October 8.

REPLEVIN by plaintiffs in error against Brock as sheriff, for a quantity of hoops attached by him as the property of George Weatherby, who had previously given plaintiffs an instrument in the form of a bill of sale embracing the property attached.    The court below

directed a verdict for defendant and plaintiffs bring error.

*T. A. E. Weadock* and *O'B. J. Atkinson* for plaintiffs in error. A chattel mortgage conveys title with terms of defeasance, *McClelland v. Remsen*, 36 Barb., 622; *Parshall v. Eggart*, 52 Barb., 367; *Miller v. Baker*, 20 Pick., 285; to convert an absolute conveyance into a security there must be facts outside of the deed showing that it was so intended, *Colvard v. Waugh*, 3 Jones (Eq.), 335; *Scott v. Henry*, 13 Ark., 112; *Treiber v. Andrews*, 31 Ark., 163; a transfer of title by way of security is not a chattel mortgage unless the parties intend it as such, but a conditional sale, *Gomez v. Kamping*, 4 Daly, 77; whether a bill of sale is a chattel mortgage depends on whether a purchase, loan, or forbearance of a debt was intended, *Dabney v. Green*, 4 Amer. Dec., 503; it is only as against execution creditors that a conveyance is void, *Van Heusen v. Radcliff*, 17 N. Y., 584; *Comstock v. Hollon*, 2 Mich., 355; *Kohl v. Lynn*, 34 Mich., 360; so as to chattel mortgages not accompanied by delivery and change of possession, *Tiffany v. Warren*, 37 Barb., 571; bills of exchange, for whatever purpose intended, need not be recorded, if not mortgages in form, *Knight v. Nichols*, 34 Me., 208.

*Scofield & Webster* for defendant in error. When property is transferred as security the transferee takes merely as mortgagee, *Carr v. Carr*, 52 N. Y., 251; a bill of sale absolute on its face transferring property to be held only as security, is in effect a mortgage, *Smith v. Beattie*, 31 N. Y., 542; there need not be any defeasance, Herm. Chat. Mort., 43, 55; where there is doubt, courts incline to construe the conveyance as a mortgage, *Cornell v. Hall*, 22 Mich., 383; *McKinney v. Miller*, 19 Mich., 142; *Conway's Ex'rs v. Alexander*, 7 Cr., 218.

MARSTON, J. The only question of importance to be determined in this case is whether the bill of sale, so

called, from Weatherby to plaintiffs, was an absolute conveyance of the property or a mortgage?

Counsel for plaintiffs claimed that the instrument contained no terms of defeasance, which was necessary to constitute it a mortgage and was the decisive test, and that the case was governed by § 4703 and not by § 4706 of the Compiled Laws.

The mere fact that an instrument does not contain terms of defeasance cannot be at all decisive in determining the question whether it shall be considered a mortgage or not. If from the entire instrument, either standing alone, or read in the light of the surrounding circumstances, it appears to have been given as a security, it must be considered as a mortgage, and the law will apply thereto the rules applicable to mortgages. The instrument in this case, which is in the usual and ordinary form of a bill of sale of personal property, contains this clause: "This bill of sale is given for the security of moneys advanced by said Cooper and Ross." There is another peculiarity about this instrument. The consideration recited is twelve hundred dollars, and it purports to sell and convey "five hundred thousand black ash barrel hoops, part made and in course of manufacture; also hoop timber cut and skidded, and now cutting and skidding, supposed to be four hundred thousand of said timber." It appeared that Weatherby was to and did proceed to manufacture the timber referred to into hoops, and that the hoops when manufactured, were worth upwards of $3 per thousand: indeed there was a contract of a previous date between these parties to pay $3.10 per thousand for hoops.

It would seem very clear, therefore, that it could not have been the intention of these parties, the one to sell and the other to purchase hoops of the value of nearly or quite three thousand dollars for the consideration expressed in this instrument. Had the plaintiffs received the full nine hundred thousand hoops, and Weatherby brought an action against them to recover the value or

contract price thereof, he would not by this instrument have been limited to the consideration therein named. Whether, therefore, we look at the instrument alone, or in the light of the facts in the case, we can have no hesitation in saying that it was given and intended to be but a mere security for the payment of money, and therefore a mortgage.

This instrument was not placed on file, nor was there an immediate delivery followed by an actual and continued change of possession of the property mortgaged.

Section 4703 makes certain conveyances of personal property presumptively fraudulent, unless there has been an immediate delivery followed by an actual and continued change of possession of the things sold, mortgaged or assigned, as against creditors and others, and conclusive evidence of fraud unless the claimant shows good faith and a want of fraudulent intent. This section standing alone does not provide for or contemplate a filing of the bill of sale or mortgage to take the place of a change of possession.

We find in the revision of 1846 for the first time sec. 4706, which is made applicable to all mortgages and conveyances intended to operate as a mortgage of goods and chattels. This section provides for an immediate delivery, to be followed by an actual and continued change of possession of the things mortgaged, or that the mortgage or a true copy thereof shall be filed in the office of the township or city clerk or city recorder, as the case may be, and declares that unless there has been such delivery and continued change of possession, or filing, the instrument shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers or mortgagees in good faith.

This and the sections following show that the design was therein to provide a system applicable to every mortgage or conveyance intended to operate as such, and that to this extent section 4706 supersedes and takes the

place of section 4703.    Under section 4706 the question of good faith and want of any intent to defraud creditors and purchasers cannot arise: the good faith and *bona fides* of the mortgagor and mortgagee, one or both, cannot be made a factor in the case.    The statute declares the instrument shall be absolutely void, and nothing short of a change of possession, or filing, as the section requires, can save it.    Section 4703 can therefore have no application to mortgages of personal property or conveyances intended to operate as such: it can only apply to cases of sales, and can no longer be held applicable to assignments of goods and chattels by way of mortgage or security, it having to this extent been superseded by section 4706.

The ruling of the court upon the principal question was correct, and the plaintiffs could not be injured by the other rulings in the case.

The judgment must be affirmed with costs.

The other Justices concurred.