TUCK *v.* OLDS and another.

(*Circuit Court, W. D. Michigan, S. D.* December, 1886.)

1. WATERS AND WATER-COURSES—DOCK ON LAKE SHORE.
   The owner of the adjacent land has a qualified proprietary interest in the soil under the edge of the shore of a lake, so as to give him the right to construct and maintain a dock along the shore, and extending the necessary distance under the water; and, when thus erected, the dock is an appurtenance of the real estate.

2. CHATTEL MORTGAGE—NOT FILED—MORTGAGE ON DOCK—EXECUTION LEVIED UPON LAND—HOW. ST. MICH. § 6193.
   A chattel mortgage upon a dock of which the mortgagor is left in possession, no interest in the land upon which the dock is situated being transferred to the mortgagee, is void as against an execution levied upon the land by a judgment creditor of the mortgagor, the mortgage not being filed till after the levy of the execution. How. St. Mich. § 6193.

3. EQUITY—CREDITORS' BILL—LEVY OF EXECUTION—FILING MORTGAGE AFTER LEVY.
   The filing of a chattel mortgage on a dock situated upon land belonging to the mortgagor, after an execution has been levied upon the land, puts such an obstruction in the way of the judgment creditor realizing his just satisfaction out of the property of the defendant in execution as is calculated to inspire doubt and apprehension in the minds of purchasers, and prevent their bidding upon the property; and the judgment creditor may maintain a creditors' bill to have such mortgage declared fraudulent and void, and to have it set aside.

In Equity. Bill in aid of execution.
*Taggart, Wolcott & Ganson,* for complainant.
*Dart & Call* and *G. A. Wolf,* for defendants.

SEVERENS, J. The complainant in this cause obtained a decree in this court for the sum of $1,145.67, which, with the accruing interest and costs, remains wholly unpaid. He obtained and issued an execution for the collection of his decree, and it was levied upon the right, title, and interest of Olds in fractional section 7, in a township in Charlevoix county. The land in this fraction is only a small portion of a full section, and lies in the north-east corner of what would be the entire section, were not the rest of it covered, as it is, by Pine lake, a considerable sheet of water, into which at one end flows the River Boyne, and out of which, at the other end, flows a current, through a short channel and a small intermediate lake, into Lake Michigan. The fraction has an eastern line rather longer than the northern, and on its extreme southern point is a dock, built, so far as appears, in the ordinary way. The eastern line of the fraction terminates at the south, according to the government survey, at a stake on the shore of the lake, after running a certain number of chains from the north-east corner of the fraction. The shore of the lake has since receded, and the stake cannot be found. If the fraction extended southwardly to the old shore of the lake, as claimed by the complainant, the dock would be nearly all of it on the front of this description. If, on the other hand, it stopped at the south end of the distance of the measured line of the survey, which ends at some distance north of the lake shore, nearly all of the dock would be on the adjoining land.

The complainant now files this bill in aid of his execution, and the *gravamen* of his complaint is that Olds, in whom is the legal title to the land, executed a chattel mortgage to Aylesworth upon the dock, as security for an amount therein named, which mortgage, although dated some two months prior to the levy of execution, was not, it is alleged, executed until after such levy. The mortgage was not filed until several days after the levy, and the complainant's allegation is that it was a fraudulent device, in which the defendants co-operated, contrived to embarrass the complainant in the sale of the property on execution; and he prays that it may be declared fraudulent and void, and that it may be set aside. It is alleged that the defendants insist that this dock is personal property, and this is, indeed, implied by the giving and taking the chattel mortgage; whereas, the complainant claims that it was real estate, that it was therefore covered by his levy, and that the defendants' pretenses and action upon the theory that it was personal property obstruct his execution. The defendants, admitting the decree, the execution, and the levy thereof on section 7, and the giving of the chattel mortgage on the dock, nevertheless insist that the mortgage was given *bona fide* at its date, but admit its filing was after the levy. They also allege that the dock is only in very small part on section 7, this allegation resting on the theory that the eastern line thereof terminated at

the southern limit of the distance given for it in the survey. They also claim that it is personal property, and say the mortgage is valid. They claim also that Olds had the right to mortgage the dock, and thereby impress upon it the character of personal property as between himself and his mortgagee; that he had a right to mortgage independently of the levy; and that the question whether the mortgage is defeated by the levy, or to what extent it is subordinated to it, cannot be determined here, but will be matter for future settlement, if it ever becomes necessary.

In such a proceeding as this, and with only these parties before the court, no adjudication can be made by its decree, upon the question of boundaries, which can conclude any one except the parties to this suit. But, for the purposes of the present case, it may be rightfully assumed that the old shore is the southern extremity of the eastern boundary of the section. The general rule unquestionably is that metes and bounds control distances, and this would sustain the complainant's contention that the dock fronts the land levied on. But assuming this, and the facts relative to the chattel mortgage, and the pretenses set up by the defendants as to the nature of the property in this dock to be as alleged in the bill, but without now deciding what is too important to be decided without necessity and without full discussion, that, as claimed by the complainant, the ownership of the land along the shore would extend by lines perpendicular to the shore to the middle of the lake, subject to the public right of navigation, I think there is satisfactory ground of equitable jurisdiction upon which the bill can be sustained. It would seem safe to hold that the owner of the adjacent land has, at least, a qualified proprietary interest in the soil under the edge of the water at the shore, so as to give to him the right to construct and maintain a dock along the shore, and extending the necessary distance into the water, (*Yates* v. *Milwaukee*, 10 Wall. 497; *Railroad Co.* v. *Schurmeir*, 7 Wall. 272; *Fletcher* v. *Thunder Bay River Boom Co.*, 51 Mich. 277; S. C. 16 N. W. Rep. 645;) and that, when thus erected, it would be an appurtenance of the real estate.

The facts of the case, as disclosed by the pleadings and proofs, are such as to induce me to apply a remedy, if they also point to one the court is accustomed to give.

It is strongly urged by counsel for complainant that, in consequence of the defendants' claim that the dock is personal property, the complainant is confused as to the method of proceeding to sell; for personal property is sold on execution in Michigan by an entirely different proceeding from that prescribed for the sale of real estate, and there is no redemption, as in the case of sale of real estate. But, even if the defendants' pretenses were more plausible than they are shown by the bill to be, the case in this respect would only present as matter for decision the question whether the property levied on is real or personal property, to the end that a party who has made a levy on property of doubtful character in this respect may be guided by the opinion of the court in his determination of the proper method to take in making sale. The

court would have its hands too full if it assumed to act as a mentor in every such dilemma, and could hardly excuse itself from giving its advice in other equally troublesome perplexities to its suitors.

But while I do not think the bill could be sustained on this ground, still I think it may be, as one filed to remove an obstruction to the execution. If I assume that this dock is a part of the real estate,—and I do not see how else, upon the allegations of the bill, it can possibly be regarded,—the suit comes to this: upon the facts, it must be found that this chattel mortgage, though dated two months before the levy, was either not in fact executed until after such levy, but antedated to give a false appearance, or else, being executed previously to the levy, it was withheld from filing until after the levy, on purpose. It is not made to appear that possession of the dock was delivered to the mortgagee, and the presumption is to the contrary, because—*First*, it is not customary in Michigan to transfer possession with the mortgage, the legal title remaining, under the present doctrine of its courts, in the mortgagor; and, *second*, there is nothing to show that any interest in the land, without which possession of the dock would be useless, was transferred to or was ever in the mortgagee. Under such circumstances, the statute (How. St. § 6193) declares the mortgage to be void as against creditors. As already pointed out, the complainant was such creditor, and he has brought his execution and levied it on this property. *Fearey* v. *Cummings*, 41 Mich. 383; S. C. 1 N. W. Rep. 946; *Cooper* v. *Brock*, 41 Mich. 488; S. C. 2 N. W. Rep. 660; *Putnam* v *Reynolds*, 44 Mich. 114; S. C. 6 N. W. Rep. 198; *Wallen* v. *Rossman*, 45 Mich. 333; S. C. 7 N. W. Rep. 901.

Upon the question of the validity of the mortgage as one of chattels, and independently of the infirmity declared by statute, it must be admitted that the evidence, other than the external indications, to establish the fraudulent character of the mortgage, is not very strong, but is, I think, sufficient with them to cast upon the defendants the burden of proving that the mortgage was given *bona fide* for a valuable consideration, and this is not attempted. The principle on which this class of creditors' bills rests is that the defendant, by some inequitable proceeding, has put an obstruction in the way of the complainant's realizing his just satisfaction out of the property of the defendant levied on. The obstruction must be one calculated to inspire doubt and apprehension in the minds of purchasers, and thus prevent them from bidding upon the property, whereby the process is paralyzed. In such a case the complainant has no adequate remedy at law. *Beck* v. *Burdett*, 1 Paige, 305; *Jones* v. *Green*, 1 Wall. 330; *Thayer* v. *Swift*, Har. Ch. (Mich.) 430, 433.

Referring to the statement of the defendants' position in respect to this chattel mortgage, and considering the facts to be as found, it would seem clear that the case is one appropriate for the interposition of the court. It is difficult to see how otherwise the complainant can get any adequate relief. The decree must therefore be entered for the complainant substantially as prayed.