Per Curiam.

[Filed March 22, 1887.]

# *HENRY L. PITTOCK, RESPONDENT, v. T. A. JORDAN, APPELLANT.

CHATTEL MORTGAGE—FORECLOSURE—SHERIFF.—Miscellaneous Laws Oregon, chap. 39, § 2, provides for the foreclosure of chattel mortgages in the manner provided by the mortgage itself, if the mortgage contains any provisions on the subject; otherwise, by the sheriff taking possession and selling. *Held*, that a sheriff cannot justify a possession taken by him under a mortgage providing that in case of default the mortgagee may take possession of the property and sell or otherwise dispose of it upon the ground of acting in his *official capacity* under directions from the mortgagee.

SAME—FILING—PRIORITY.—Under the Oregon statutes in cases of successive chattel mortgages upon the same property, the one first filed is entitled to priority.

APPEAL from the circuit court for Multnomah county.

PER CURIAM.—On June 17, 1885, one G. H. Himes purchased of Tatum & Bowen the printing press in controversy, paying at the time a part of the purchase price, and executing a mortgage on the property purchased to secure the remainder, which provided that, in case of default in payment thereof, Tatum & Bowen might seize the press and make such disposition of it as they deemed best. This instrument was not filed as a chattel mortgage. The property was delivered to Himes in January, 1886. He executed a mortgage on the same and other personal property to the respondent, which was duly filed as such. Himes having failed to pay the balance of the purchase price, T. & B. in December, 1886, directed the appellant to take the printing press for them, remove it from Himes' office by virtue of their mortgage, and sell the same to pay the balance due them. Thereupon the respondent brought this suit to enjoin the defendant from removing the mortgaged property or proceeding with the sale. The appellant in his answer attempts to justify by setting up that he is the sheriff of Multnomah county, and that as such he was acting under the direction of said T. & B., and by virtue of their said chattel mortgage. By section 2, chapter 39, Miscellaneous Laws, 688, it is provided:

* Omitted from previous volumes by mistake.—[REPORTER.

"Whenever, in any mortgage of goods and chattels, the parties to such mortgage shall have provided the manner in which such mortgage may be foreclosed, such mortgage, upon breach of the conditions thereof, may be foreclosed in the manner therein provided, *and not otherwise;* and if, in such mortgage, the manner in which the same may be foreclosed shall not be provided, then, upon breach of the conditions thereof, in case the consideration thereof shall not exceed five hundred dollars, the same may be foreclosed and the mortgaged property sold by the sheriff," etc. Here the manner in which said mortgage might be foreclosed in case of default is provided in the mortgage, and therefore the defendant, as sheriff, had no power or authority in the matter. He was no more than an intruder, and his official character could be no protection to him whatever. Where, as in this case, the mortgagee is empowered, upon default, to take possession of the property and sell or otherwise dispose of it, he may appoint an agent to take charge of the property for him; but, except in the cases specifically designated in the statute, he cannot call to his aid the official character of the sheriff or other officer named therein. The claim of the appellant that a chattel mortgage given in good faith is valid as against a subsequent mortgagee of the same property, whose mortgage is first duly filed, is untenable. Without entering at large upon this subject, it suffices to say that the obvious purpose of the several statutory provisions relating thereto is, in conflicting claims between mortgagees of chattels, to give priority to him whose mortgage is first duly filed as required by law.

Let the decree be affirmed.