### Alfred B. Hinman and another v. John H. Eakins.

*Non-joinder of co-contractor: Plea in abatement: Demurrer.*    Where, to a decla-
ration under the common counts, a plea in abatement is filed, averring that
the undertaking declared on, consisted of two contracts, one several, and one
made with another party, who should have been joined as co-defendant, a
special demurrer to such plea, setting up: 1. That the matter pleaded did not
appear on the face of the declaration ; and, 2. That it could be shown in de-
fence on the trial, cannot be sustained.

Non-joinder of a co-contractor is matter of abatement.    And a plea must
generally set up matters not apparent in the declaration.    The instances to
the contrary are exceptional.

*Certiorari: Reversal: Immaterial error.* But under the statutory *certiorari* on a justice's judgment, there can be no reversal, except for matters affecting the merits; and where, under the declaration in question, the only contract proved was the sole contract of the defendant, the error of the justice in disallowing the plea in abatement becomes immaterial, and the judgment will not be reversed on error on that ground.

The judgment in this case was reversed in part, for so much of the amount recovered as was in excess of the sum shown to be due by plaintiff's own testimony, and affirmed for the remainder.

*Heard October 24.    Decided October 29.*

Error to Wayne Circuit.

*Dickinson & Dickinson,* for plaintiffs in error.

*Herbert L. Baker,* for defendant in error.

Campbell, J.

Plaintiffs sued defendant, before a justice, on a declaration containing one special count for the failure to accept certain oil barrels contracted for.    Appended to this was the following conclusion: " One other count for the sale of said barrels, and delivery of part, and refusal of defendant to receive same as agreed upon; also the common counts." This brief summary could hardly be held a special count, but is good as to the common counts, which, in a justice's court, are seldom set out at length, as their purport is always the same.

To this Eakins pleaded in abatement, that the undertaking declared on, if made, consisted of two distinct and separate contracts, one sole, and one made by him jointly with one Van Alstine, who is still alive.

Plaintiffs demurred specially on two grounds: *first,* because the matters pleaded did not appear on the face of the declaration; and *second,* because the defense could be shown on the trial.

There is no doubt that, under their declaration, plaintiffs could prove more than one cause of action.    There is as

26 mich.—11.

little doubt that a non-joinder of a co-contractor is properly to be pleaded in abatement. The defense set up was, therefore, one properly pleadable, and as no objection was ruled upon by the justice but the two specified, no other can be taken on *certiorari*, if such a plea was admissible at all. Its formal defects, if any, should have been objected to seasonably.

It is generally true that a plea must set up matters not apparent from the declaration. The few exceptions are, where certain defects or defenses are waived if not specially pleaded. And, as already intimated, non-joinder of a defendant cannot usually be pleaded except in abatement, where there is no statute or other fixed rule requiring parties to be joined as a condition of the action. These principles are elementary.

The objections alleged having been untenable, the justice erred in overruling the plea, and the circuit court could have properly reversed his judgment, unless the error was cured by the subsequent proceedings. On this statutory *certiorari* there can be no reversal, unless for some error which affects the merits as the case finally stands. This error might have done so. We are compelled to consider whether it did.

It appears that on the trial evidence was admitted of only one contract, which was made between the parties to this action. As no contract was introduced to which Van Alstine was a party, no harm has been done, and there is nothing now to complain of on that point.

The defendant below was prevented from showing the time of performance of previous contracts between the same parties, as a criterion to determine what would have been a reasonable time for delivery. We see no ground for admitting such evidence. There is no presumption of law that parties will always make the same terms for their con-

tracts. Each must stand by itself, unless they are actually connected, or referred to in the course of dealing.

There was error, however, in allowing plaintiffs to recover twenty cents on each barrel, when their own testimony showed they would have to give three cents a barrel to deliver them as agreed. They should have recovered but seventeen cents apiece.

Plaintiffs in error are entitled to a judgment for fifty-three dollars and thirty-eight cents, with interest from March 15, 1871, and costs of this court, less ten dollars costs of the circuit, which defendant should have received on a partial affirmance.

The other Justices concurred.