ALFRED F. WILCOX v. TOLEDO & ANN ARBOR R. R. Co.

*Rehearing denied when the ground is not substantial—Variance.*

Suit was brought in justice's court on a note purchased from the payee's assignee in bankruptcy. The defendant, on cross-examination of the plaintiff's witness, showed without objection that the payee was "thrown into bankruptcy," and that the note was purchased from his assignee. But plaintiff's introduction of the assignee's deed to the purchaser was objected to on the ground that the assignee's title was not proven. The deed, however, recited the grantor's authority by an order of sale from the bankrupt court. The plaintiff farther put in evidence, against objection, an order by the Register in Bankruptcy reciting the choice of the assignee, ordering a bond and requiring him to signify his acceptance, and the assignee testified that he had no doubt he had filed his bond and acceptance. *Held*, that the defendant had a right so to call out record evidence of the bankruptcy and the authority for the sale, or to waive it; that the term "thrown into bankruptcy" implied an adjudication; and that the evidence introduced by the plaintiff against objection was admissible.

A party insisting upon strict proof must do so consistently from the first; and if his own showing proves that his demand for something farther cannot be in the interest of justice, it should not be favored.

A defendant in justice's court moved for a nonsuit on the ground of variances between the declaration and the proofs in the matter of the assignment of the paper sued upon. *Held*, that an appellate court

would not regard other variances to which the justice's attention had not been called.

The Supreme Court, in reviewing the proceedings of a justice, will disregard mere informalities and technicalities, and will not disturb his judgments upon objections which he was given no opportunity to examine, or which were so blindly stated as not to attract his attention.

Motion for rehearing. Submitted Oct. 19. Denied Jan. 19.

*Henry Z. Potter* for the motion.

PER CURIAM. Plaintiff in error moves for a rehearing. The suit originated in a justice's court, where defendant in error sued on a promise by plaintiff in error to pay a certain sum of money to the Toledo, Ann Arbor & Northern R. R. Co. on certain conditions. The plaintiff's case was that the payee named in the paper had been thrown into bankruptcy, and the paper had come to the hands of the plaintiff by assignment.

To prove the plaintiff's case one Crane was called as a witness, who testified without objection that he purchased the paper of E. D Kinne, assignee in bankruptcy of the corporation to which it was given, at a bankrupt sale made by him. The defendant then took the witness for cross-examination and called out from him the following evidence: "Kinne was assignee of the bankrupt company; the company was thrown into bankruptcy on my petition in the Eastern District of Michigan about the 13th day of August, 1875. The corporation named I knew as a corporation doing business as such in this State prior to the time of its bankruptcy."

It thus appears that evidence that the payee named in the paper sued upon was thrown into bankruptcy on the petition of the witness Crane, that Kinne was its assignee and made sale as such, and that Crane became the purchaser of the paper, was put into the case by the concurring action of both parties to the suit, and without objection from either. Defendant had an undoubted right to demand record evidence of these facts, but he also had a right to waive it. *Burke v. Wilber* 42 Mich. 327.

Subsequently the deed from Kinne to Crane, given to carry into effect the sale, was offered and objected to on the ground that Kinne's title had not been shown. No objection was made to the form of the deed itself, nor was any particular defect in Kinne's title pointed out. The deed recited the authority of the grantor, by order of sale to him as assignee of the bankrupt company, made by the United States District Court for the Eastern District of Michigan, and it was received in evidence by the justice " on condition of further showing." Exactly what further showing was contemplated does not appear. The plaintiff gave further evidence, however, in an order made by Hovey K. Clarke, register in bankruptcy, dated June 9, 1874, reciting that the creditors of the bankrupt company had made choice of E. D. Kinne as assignee of the bankrupt estate, and ordering that he give bond in the sum of $50,000, appended to which was a notice to Kinne of his appointment and requiring him to signify his acceptance within five days, and an acceptance signed by him dated June 13, 1874. This evidence was objected to " for incompetency and irrelevancy," but it was admissible beyond question, we think, to show the facts recited, and it was followed by evidence from Kinne that he had no doubt he filed his bond in pursuance of the order, and also his acceptance, although he had no distinct recollection as to that matter.

Upon this state of facts the question is whether the justice should have rendered judgment for defendant for the want of evidence of an adjudication in bankruptcy, and for the want of proof of Kinne's authority to convey. We thought not when we had the case before and we think so still.

The fact that the corporation was "thrown into bankruptcy" on the petition of Crane was proved by defendant. The term of itself implies an adjudication. The fact that Kinne was assignee and acted as such was proved by both parties. Objections to the want of further evidence of his title were obviously merely technical, and when the appointment by the register was afterwards put in, nothing more could reasonably have been required. A party insisting upon strict proof must do so consistently from the first; and if his

own showing proves that his demand for something further cannot be in the interests of justice, it should not be favored. Such was the case here.

A further reason urged for a rehearing is that the court did not consider and pass upon the variances between the declaration and the proofs which were assigned as reasons for a nonsuit.

The answer to this is that the alleged variances were expressly restricted by defendant, in the motion for a nonsuit, to the matter of the assignment of the paper sued upon; and there is nothing in the record from which we could possibly infer that the justice ever had his attention called to questions which the plaintiff in error desires to raise on a rehearing. The uniform understanding in this court has been that in reviewing the proceedings of justices' courts it will disregard mere informalities and technicalities, and refuse to disturb judgments on objections which the justice was never given an opportunity to examine and pass upon, or which were so blindly stated that the point made in error failed to attract his attention. *Hinman v. Eakins* 26 Mich. 80; *Lake Superior Building Co. v. Thompson* 32 Mich. 293; *Zimmer v. Davis* 35 Mich. 39; *Bradshaw v. McLoughlin* 39 Mich. 480; *Thompson v. Ellsworth* 39 Mich. 719, and cases cited.

We think we said on the hearing all that the points actually made before the justice called for, and that a rehearing should be denied.