## JAMES S. JOHNSON v. GEORGE H. STELLWAGEN.

*Chattel mortgage—Failure to file—Preferences—Antedating security—Execution of new mortgage in lieu of prior unrecorded mortgage—Agreement not to file—Estoppel in pais—Notice with plea.*

1. In this case CAMPBELL, C. J., filed an opinion, concurred in by SHERWOOD, J., favoring a *reversal*, and holding :

*a*—No one can complain of a failure to file a chattel mortgage for any length of time, unless after its date, or before possession taken under it, the creditor assailing it has dealt with the mortgagor as he would not have dealt had the mortgage been recorded, or else has secured some lien on the property. *Waite v. Mathews,* 50 Mich. 392.

*b*—A debtor may *always* prefer any of his creditors, so long as it is not done with some *unlawful* or *forbidden* purpose. He may pay or secure any creditor in *full,* and no unpreferred creditor can complain that such preference has been made. *Root v. Potter,* 59 Mich. 498.

*c*—*Antedating* will not affect a *valid* chattel mortgage, where done with no wrong purpose.

*d*—A chattel mortgage given to secure an honest debt, in place of former *unrecorded* mortgages, is not void for *that* reason.

*e*—Declaring an *unrecorded* mortgage *void* as to creditors merely places the parties in the same position as if it had never existed, and does not create a perpetual inability to give a new security.

CHAMPLIN, J., filed an opinion concurring in a *reversal,* and holding:

*a*—The non-filing of a chattel mortgage by agreement with the mortgagor, to enable him to obtain a *fictitious* credit, renders

the mortgage void as to creditors who trusted the mortgagor upon the faith that his property was unincumbered; and when a new mortgage, given in lieu of the *unrecorded* one, is assailed as fraudulent, and the testimony tends to show that it was given to carry out such fraudulent agreement as to *non-filing,* the evidence should be submitted to the jury.

*b*—Where a defendant relies upon an estoppel *in pais* as a defense to an action, he must give notice thereof under the plea of the general issue. *Hinman v. Eakins,* 26 Mich. 80 ; *Dale v. Turner,* 34 Id. 405 ; *Whittemore v. Stephens,* 48 Id. 573.

MORSE, J., filed an opinion concurring in a reversal, and holding:

*a*—A creditor who accepts an antedated mortgage, and claims priority over other creditors by reason of such date, which is referred to in his notice of foreclosure sale, and who at time of sale is notified by the attorney for another creditor that the mortgage is void as to him because of the sale of goods to the mortgagor by said creditor between said date and the date of filing (said mortgage having been filed at the true date of its execution), to which he makes no answer, but orders the sale to proceed, is estopped, *as to such creditor,* from asserting that his mortgage was actually executed at the *later* date.

*b*—This action being trover, and the estoppel not having been pleaded, it could not avail on the trial, but, if pleaded, the action of the circuit judge in directing a verdict for the defendant would have been a correct disposition of the case; but as the case was tried, the question of the validity of the mortgage should have been submitted to the jury.

Error to Wayne. (Jennison, J.) Argued June 9, 1887. Decided October 6, 1887.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinions.

*Moore & Canfield,* for appellant.

*Edget, Brooks & Conway,* for defendant.

CAMPBELL, C. J. Johnson sued in trover for the conversion of certain lumber by defendant, who had seized it on attachment in favor of John G. Owen against James H. Rogers. The dates become material.

Rogers had a lumber-yard at Wayne Junction, in Wayne

county, and had been indebted to plaintiff for some years for advances. This debt he had secured from time to time by chattel mortgages not recorded. In January, 1885, this debt had become reduced to about $1,800, and a new mortgage given. Between that time and November 10, 1885, plaintiff had to provide for an additional $500, for which he had become security. On the tenth of November, 1885, Rogers, who had promised to see that plaintiff should be made secure, executed a mortgage to him for $2,300, which was duly recorded, but which, instead of being dated in November, was dated back to January. On December 31, 1885, the $500 for which plaintiff was surety he was obliged to pay. Plaintiff took possession of the yard, and had been in possession several days, when the defendant, who is sheriff of Wayne county, levied on the whole stock, which was worth $4,000, or thereabouts, not subject to but in opposition to the mortgage, upon an attachment in favor of John G. Owen for an alleged debt of $506. This debt was incurred during the year 1885, prior to November.

The court below took the case from the jury, and held the plaintiff's mortgage void, giving no reason for the holding.

Mr. Owen neither sold any goods nor began any proceedings while this mortgage was unrecorded. He sold his goods before it was made, and began his lawsuit after the mortgagee was put in possession. This mortgage was not withheld from record during any period when Owen acted or dealt with Rogers.

It was pointed out in *Waite v. Mathews,* 50 Mich. 392, in accordance with other decisions before and since, that no one can complain of a failure to file a chattle mortgage for any length of time, unless after its date, and before its filing, or before possession taken under it, the creditor assailing it has dealt with the mortgagor as he would not have dealt had the mortgage been recorded, or else has secured some lien on the property.

We have repeatedly held that a debtor may always prefer any of his creditors, so long as it is not done with some unlawful or forbidden purpose. He may pay any creditor in full, or secure him in full, and no unpreferred creditor can complain that such preference has been made. *Root v. Potter*, 59 Mich. 498. As Mr. Owen had taken no security, he was bound to know that Rogers could at any time secure any other creditor if he saw fit to do so.

The only plausible claim set up is that this mortgage was dated back to January. There is no pretense that there was any wrong purpose in this, and it is impossible to see how it could affect a valid mortgage. No instrument takes effect before delivery. This mortgage was not drawn and was not made operative until November, 1885. There was no default in filing it. It could not have been filed before execution, and the law will not allow filing to be dated back. The consequences imposed by the statute of invalidity as to creditors are the penalty attached to failure to file or take possession. This default cannot exist when there is nothing to file.

It is claimed, however, that it is void because given in place of old mortgages, which were not recorded. As the debt was honest, all that the statute provided as to those old mortgages was that they should be void until filed, and void against intervening rights. But it did not provide that taking a security honestly, and losing its priority, should prevent the acquisition of a new security which should be valid. All that the law declares is that the unrecorded mortgage shall be void as against creditors, which, as declared in *Waite v. Mathews*, and the other cases referred to, means creditors who have acquired rights in the interval. Declaring them void merely places parties in the same condition as if they had never existed. It does not create a perpetual inability to give a good security in the future. It was suggested in *Waite v. Mathews* that a new mortgage would be good with

immediate delivery, and that no lapse of time could affect parties not damnified. It is not claimed this mortgage would be void if there had been no prior one. If this is so, there can be nothing in a prior mortgage which is superseded, which can make things any worse. Plaintiff ran the risk of losing what security he possessed, but that did not prevent him from getting either payment or security good when given.

The judgment must be reversed, and a new trial ordered. The other questions do not become important, as the case was taken from the jury.

SHERWOOD, J., concurred with CAMPBELL, C. J.

CHAMPLIN, J. In this case there was testimony introduced by the defendant which tended to prove that the series of chattel mortgages given by Rogers to his uncle, the plaintiff in this suit, were kept from the files in the town clerk's office by agreement, in order that Rogers might obtain a fictitious credit with persons dealing with him. If such agreement was made, and the mortgagee kept the mortgages from the files in pursuance thereof, such mortgages were fraudulent as to creditors who trusted Rogers upon the faith that his property was unincumbered. There was testimony also tending to prove that the mortgage under which the plaintiff claims was given to carry out the fraudulent agreement to keep the mortgages from record. This evidence should have been submitted to the jury.

The fifth point stated in defendant's brief, namely, that of estoppel, appears to have been raised for the first time in this Court. There was no such issue raised by the pleadings. Where a defendant relies upon an estoppel *in pais* as a defense to an action, he should give notice thereof under the plea of the general issue. *Dale v. Turner*, 34 Mich. 405; *Whittemore v. Stephens*, 48 Id. 573; *Warder v. Baldwin*, 51 Wis. 457 (8 N. W. Rep. 257); Chit Pl. 509; *Hinman v. Eakins*, 26 Mich. 80.

I do not think the circuit judge was justified in withdrawing the case from the jury, and I concur with the Chief Justice in reversing the judgment.

MORSE, J.   It appears from the testimony in this case that Johnson did not file the mortgages held before the one in controversy was executed, for the reason that the mortgagor, Rogers, requested him not to do so, because it would hurt or affect his credit, with the promise on the part of Rogers that he would protect Johnson in case it became necessary to do so.

The mortgage in question was made on the tenth day of November, 1885, and filed by Rogers without the knowledge of plaintiff, who was away hunting.   It was dated back as of the first day of January, 1885, to correspond with the mortgage then held by Johnson, and not discharged, and kept off from file in pursuance of the wish of Rogers.   Rogers testifies that he executed this mortgage to cover the one of date of January 1, 1885, for $1,800, and an additional $500, for which Johnson had since that time become responsible, and he meant it to embrace the same terms and to bear the same date as the $1,800 mortgage.   It was therefore dated back to the first of January, 1885, understandingly and purposely for some object.

I think that the plaintiff, Johnson, was estopped, as between himself and Owen, from asserting that this mortgage was actually executed on the tenth of November, 1885. He accepted it as it was, and did not claim that its real date was different until at the time of the trial.   He told other creditors, who held mortgages on the same property, that his lien was prior to theirs because his mortgage was dated January 1, 1885.   His notice of foreclosure, under which he was proceeding to sell the property by virtue of his mortgage, referred to the mortgage as being dated January 1, 1885.

It was stated at the sale, and subsequently to the attorneys of Johnson, by the attorneys of Owen, that the mortgage of

plaintiff was void, as against the claim of Owen, because the mortgage was dated January 1, 1885, and not filed until November 16, 1885, and the goods sold by Owen to Rogers, the mortgagor, were purchased by Rogers between the first of January, 1885, and the date of filing. No answer was made to this, and nothing hinted even that the date of the mortgage, as it appeared upon the face of the instrument, was not the true date of its execution, although Johnson was present at the sale, and after the statement was made by Brooks, Owen's attorney, ordered the sale to proceed, stating that he would stand between the buyers and all harm.

If the mortgage had been actually executed at the time it bore date, it would have been void as against the claim of Owen. *Root v. Harl,* 62 Mich. 420; *Fearey v. Cummings,* 41 Id. 376; *Wallen v. Rossman,* 45 Id. 333; *Waite v. Mathews,* 50 Id. 392.

Here the mortgagor and the mortgagee make and accept a mortgage dated January 1, 1885, and so file it. The mortgagee continues up to the day of the sale of the property to assert it as a mortgage of that date, and never denies it, or takes any means to undeceive those who are acting under the honest belief that it bears its true date. Acting upon this belief, so induced by the plaintiff in this suit, the defendant levies upon the property in opposition to the mortgage, to enforce the claim of Owen, which is valid if the mortgage is dated correctly. Then, after the levy is made, the plaintiff sues in trover, and upon the trial, says, in effect:

"It is true that I led you to believe that my mortgage was executed in January, 1885, but I lied to you both in actions and words. My mortgage, in fact, was not executed until after you sold your goods, and therefore your claim is not good against my mortgage, and you must pay me not only for the goods, but costs for being such a fool as to act on the truth of my acts and statements."

A plainer case I have not seen for the application of the most just doctrine of estoppel. Not only did the plaintiff

remain silent when in conscience he ought to have spoken, but it must be considered that he also took active measures to carry the idea to all that his mortgage was executed on the day it bore date. See *Mich. Paneling Co. v. Parsell*, 38 Mich. 475, 480; *Dann v. Cudney*, 13 Id. 239; *Meister v. Birney*, 24 Id. 435, 440; *Ganong v. Green*, 64 Id. 488; Bigelow, Estop. 473.

But the action in this case was in trover, and the estoppel was not pleaded, and therefore could not avail the defendant. If it had been pleaded, the action of the circuit judge in directing a verdict for the defendant would have been a correct disposition of the case. As the case was tried, however, the question of the validity of the mortgage as against creditors should have been submitted to the jury.

I *therefore* concur in the reversal of the judgment.