## CHARLES BOSTON v. MICHAEL HENDERSON.

*Contract—Damages—Evidence—Account stated—Pleading.*

1. A sewer contractor who sublets a portion of the work, for which he is to furnish the necessary material, cannot escape liability for his delay in so doing on the ground that it was caused by the failure of another subcontractor to deliver material, and the rejection of a portion of that delivered by the sewer inspector.

2. The questions whether the probability of such delay was not talked over when the contract was made, there being some testimony tending to establish that fact, and whether such delay was beyond that contemplated or unreasonable, are for the jury.

3. Testimony as to the *per diem* value of the use of machinery necessary to the performance of the work during the term of such delay is inadmissible, in the absence of proof that the plaintiff had an opportunity to use it elsewhere, and was necessarily prevented from so doing by such delay.

4. The defense that, by stating the account under the contract, the plaintiff is estopped from adding a claim for loss of time caused by such delay, must be specially pleaded.

Error to Wayne. (Reilly, J.) Argued June 22, 1892. Decided July 28, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Julian G. Dickinson,* for plaintiff.

McGRATH, J. Defendant, a sewer contractor, engaged plaintiff, for a stipulated price of $1,500, to drive the

piles and do the necessary sheathing to make the outlet for a sewer which defendant had contracted to build. Defendant was to furnish the piles, timber, and sheathing. After the job was completed, the parties met, a statement was made out showing payments amounting to $1,487.94, and a balance due plaintiff of $12.06. Defendant had used plaintiff's engine for some days for the purpose of pumping out the cribs built by plaintiff, and at the time that this statement was made out plaintiff made a claim of $50 for the use of this engine, which defendant refused to pay, and the parties separated. Afterwards plaintiff made and presented to defendant a bill for the balance, $12.07, and $50 for the use of the engine, making a total of $62.07, but defendant refused to pay the charge for the use of the engine. This suit was then brought in justice's court, when plaintiff declared for the two items mentioned, and for loss of time through defendant's neglect in the matter of the construction of the outlet the sum of $210, making a total of $272.07. Defendant pleaded the general issue, with notice of set-off. On appeal to the circuit, plaintiff had judgment for $137.59.

There was no question but that defendant did use the engine for pumping purposes. His contention was, however, that he used it at plaintiff's suggestion, with the assurance that if he (defendant) would pay the engineer, and for the fuel, there would be no charge for the engine. Defendant paid the engineer. Plaintiff claimed, however, that there was no assurance that no charge would be made for the engine, but, on the contrary, that it was expressly agreed that the value of the use of the engine should be paid. This question was fairly submitted to the jury, and we find no error in the record respecting it.

That the plaintiff was delayed by the failure of defend-

ant to furnish the piles and timber is not denied, but the extent of that delay was a matter of dispute. There is no force in the claim that the delay was caused by the rejection of the timber and piles by the sewer inspector, and by the person with whom defendant contracted for the piles and timber, and therefore that the delay was not that of defendant. Plaintiff contracted with defendant, and the latter agreed to furnish the materials, and any delay was his delay.

The court instructed the jury as follows:

" *First,* as to what damage, if any, the plaintiff is entitled to receive for the unreasonable delay that occurred through there not being timber at this sewer so as to enable him to carry out his contract. For that delay the defendant in this suit is responsible. It is not to be supposed when a man takes a contract to do a certain piece of work, such as this, that he will be delayed day after day, and week after week, without the contractor with him being responsible, unless there is a special agreement in the contract limiting the liability of the person for whom the work is done; so I say to you, as a matter of law, that if the plaintiff in this suit was delayed an unreasonable length of time, and if you believe the testimony of the plaintiff, then he was delayed an unreasonable length of time, and the defendant in this case would be responsible to him for such damage as he suffered through the delay."

A question was raised as to whether some part of the delay was not chargeable to plaintiff. No complaint was made because of delay, nor was any claim made for loss of time until after the controversy over the use of the engine, and until this suit was brought. There was some testimony that this very matter of probable delays was talked over at the time of making the contract. It was for the jury to say whether this was the fact or not, and also to say whether the delay was beyond that con-

templated, or unreasonable, or from week to week, and we think the court erred in this instruction.

Testimony as to the *per diem* value of the pile driver was erroneously admitted. The measure of damages in cases of this character is not the value of the use of idle tools or idle machinery, unless that idleness is enforced by the act complained of. If there had been any showing that plaintiff had the opportunity to use this machinery elsewhere, and was necessarily deprived of its use by this delay, another question would have been presented. The value of the use of machinery involves profit, and a party is not entitled, in an action for damages, to profits, unless the act complained of has deprived him of an opportunity to earn them.

It is insisted by defendant that, plaintiff and defendant having stated the contract account, plaintiff is now estopped from adding the claim for loss of time. It is sufficient to say that no such question is raised by the pleadings. *Johnson v. Stellwagen*, 67 Mich. 14; *Wessels v. Beeman*, 87 Id. 481.

For these errors the judgment is reversed, and a new trial ordered, with costs to defendant.

The other Justices concurred.