GEORGE W. HOPKINS & SON v. ROBERT GREEN.

*Replevin—Bond—Jurisdiction of justice—Certiorari.*

1. On *certiorari* to review a justice's judgment, an objection to the jurisdiction will not be considered unless made in justice's court.

2. How. Stat. § 6856, which provides for the filing of a bond, with sufficient surety or sureties, with a justice of the peace before the issuance of a writ of replevin, requires security additional to the pecuniary responsibility of the plaintiff; and where the writ is issued in favor of a copartnership, a bond signed by the firm, and by one of the members as surety, is not sufficient.

3. In such a case the defendant is under no obligation to accept an amended or a new bond, nor does he waive any rights by refusing to consent to an amendment, and by insisting that the bond cannot be amended; but, on the application of the plaintiffs, the justice should direct an amendment or the filing of a new bond, and, on the failure of the plaintiffs to comply with the order within a reasonable time, should quash the proceedings.

Error to Manistee.   (Judkins, J.)   Submitted on briefs October 7, 1892.   Decided November 4, 1892.

Replevin.   Plaintiffs bring error.   Affirmed.   The facts are stated in the opinion.

*Smurthwaite & Higgins,* for appellants.

*Dunlap & Weaver,* for defendant.

GRANT, J.   Action of replevin in justice's court. Judgment for plaintiffs for two dollars damages.   Case taken to the circuit court by *certiorari,* where the judgment was reversed, and judgment entered for defendant for costs and an attorney fee of $15.

Defendant appeared specially in justice's court, and moved to quash the proceedings, for the reason that no bond had been filed as required by law.   The suit was commenced in the name of George W. Hopkins & Son as plaintiffs.   The name of the son was not given either in the affidavit, writ, bond, or declaration.   The bond was executed by George W. Hopkins & Son as principals, and George W. Hopkins as surety.   The justice returned that "plaintiffs, through their attorney, offered to amend or give a new bond; but the said attorney [for defendant] refused to accept the amendment, claiming it was no bond, and could not be amended."   Thereupon the justice overruled the motion to quash, and the defendant withdrew from the case.

The bond was irregular, but it might have been amended or a new bond filed.   How. Stat. §§ 6856, 7631.   The statute requires security additional to the pecuniary responsibility of the plaintiffs.   One of several copartners, plaintiffs, is no additional security.

Defendant was under no obligation to accept an amended bond, or a new bond; nor did he waive any rights by refusing his consent thereto, and by insisting that the

bond could not be amended. The justice should have directed either an amendment or a new bond, and given the plaintiffs reasonable time to furnish it, and, on their failing to .do this, he should have quashed the proceedings.

One other objection to the jurisdiction of the court was raised by *certiorari*, but, inasmuch as it was not made in the justice's court, it cannot now be considered. *Wilcox v. Railroad Co.*, 45 Mich. 280.

Judgment affirmed.

The other Justices concurred.