CAMPBELL *v.* REMALY.

FRAUDULENT CONVEYANCES — HUSBAND AND WIFE — RECORDING LAWS.

Evidence that a deed to an undivided interest in land, executed by a husband to his wife in consideration of the discharge by her of a mortgage covering the whole parcel, was withheld from record for several years, and that the husband, in the meantime, obtained credit by representing himself to be the owner of the interest conveyed to the wife, is insufficient, in the absence of any showing that the wife participated in or had any knowledge of the fraud, to subject the grant to the claims of intervening creditors.

Appeal from Clinton; Daboll, J. Submitted February 4, 1897. Decided March 23, 1897.

Bill by Oliver B. Campbell and others against Frank Remaly and others in aid of execution. From a decree for complainants, defendants appeal. Reversed.

*Spaulding & Norton*, for complainants.

. *J. C. Flynn* (*Lyon & Dooling*, of counsel), for defendants.

MONTGOMERY, J. Complainants are bankers, and, in 1894, extended credit to defendants Frank and Albert Remaly, and, on the 30th of December, 1895, obtained a

judgment upon their demand, amounting to $765.76. Prior to the 29th of June, 1895, the defendant Frank Remaly appeared by the record to be the owner of 120 acres of land in Clinton county. On that date there was placed of record a deed of an undivided one-half of these premises, running to his wife, Nina Remaly, which deed bore date April 12, 1888. Subsequently, on the 1st of July, 1895, there was placed of record a mortgage from Frank Remaly to his wife, on the remaining undivided one-half of said premises, for the sum of $1,000. After procuring a levy under an execution issued upon their judgment, complainants filed this bill, seeking to have both the deed and mortgage set aside as fraudulent, and made with a purpose to hinder, delay, and defraud creditors, and charging that there was no consideration for either the deed or the mortgage. At the hearing the court granted partial relief by setting aside the deed, but upheld the mortgage. From this decree the defendants appeal.

Complainants' counsel very properly state that, as no appeal was taken by complainants, the transaction of the giving of the mortgage can only be considered as it gives color to the transaction relating to the deed. The testimony is neither voluminous nor involved  The complainants offered testimony tending to show that, at the time of extending credit to Remaly Bros., the defendant Frank Remaly represented that he was the owner of the land in question. This, in addition to the fact that the deed was kept from record from 1888 to 1895, constitutes substantially the only testimony tending to indicate any fraudulent purpose on the part of defendants. The evidence establishes very clearly that, when this land was originally purchased by the defendant Frank Remaly, a mortgage was given to one Mr. Darrow, the father of the defendant Nina, which mortgage was assigned to her by her father in May, 1886, and which assignment was duly recorded in November, 1886. Nor can there be any doubt that the deed of the un-

divided one-half was made in consideration of the discharge of this mortgage, on the 12th of April, 1888. It does not appear that at this time Frank Remaly was engaged in any business which required credit. It cannot, therefore, be inferred that the deed was originally withheld from record with the fraudulent purpose of enabling the grantor to maintain a false credit. Nor are we able to find in the record any evidence which convinces us that there was any subsequent agreement or common purpose to withhold this deed from record with that intent. Indeed, the only fact from which it could be inferred consists of the continued withholding of the deed from record, and the false claims of ownership made by Frank Remaly. But these false claims are in no way brought home to the defendant Nina, and are not binding upon her. As we have frequently pointed out, the recording law does not render an unrecorded deed void as to intervening creditors who have not acquired a lien while the deed remained off the record. In this respect the statute differs from the chattel-mortgage statute (2 How. Stat. § 6193). See *Wooden* v. *Wooden*, 72 Mich. 353; *Cutler* v. *Steele*, 93 Mich. 204; *Michigan Trust Co.* v. *Adams*, 109 Mich. 181. We by no means intimate that, where there are other facts and circumstances tending to show that the purpose of withholding the deed was specifically that of giving a false credit to the grantor, this may not amount to a fraud which will postpone the grant to the claims of intervening creditors. We think this record does not justify any such inference as to the facts in this case. It follows that the decree will be reversed, and the bill dismissed, with costs of both courts to the defendant Nina Remaly.

The other Justices concurred.