### BULLARD *v.* AVERY.

HUSBAND AND WIFE — TITLE TO PERSONALTY — GARNISHMENT — EVIDENCE.

A husband took certain beans to market, and sold them to a dealer (from whom the wife had previously ascertained the going price), without saying anything about the ownership. The beans were in fact raised on land the record title to which had been in the wife for several years. *Held,* sufficient to show as a matter of law, in garnishment against the purchaser by a creditor of the husband, that the indebtedness was due to the wife.

Error to Clinton; Stone, J. Submitted May 7, 1901. Decided May 21, 1901.

Garnishment proceedings by Edward J. Bullard against Howard C. Leland and George Brown, as garnishees of Sanford C. Avery. Marinda Avery was brought in as claimant under the statute, and, from a judgment in her favor on verdict directed by the court, plaintiff brings error. Affirmed.

*Lewis Severance*, for appellant.

*Spaulding, Norton & Dooling*, for claimant.

MONTGOMERY, C. J. The sole question for decision by the circuit was whether the indebtedness of the garnishee defendants was due to Sanford C. Avery or to his wife,

the claimant in this case. The indebtedness was for beans grown on a farm the title to which was in Mrs. Avery under a deed duly recorded some years before the transaction took place. The testimony tends to show that Mrs. Avery had made inquiries of the garnishee defendants as to the price of the beans, and that her husband took the beans to market. In making the sale nothing was said by him as to the ownership of the beans, either way. Before he received the pay for them the writ of garnishment was served. The circuit judge was of the opinion that the testimony was all one way, and directed a verdict for the claimant.

We think this conclusion was right. The record of the deed was notice of title. *Hedstrom* v. *Kingsbury*, 40 Mich. 636; *Campbell* v. *Remaly*, 112 Mich. 214 (70 N. W. 432, 67 Am. St. Rep. 393). The only evidence of any holding out of Sanford C. Avery as owner of the personal property consisted of testimony that he acted for claimant in making sales.

Judgment affirmed.

The other Justices concurred.