PEOPLE, *for use of* ESPER, *v.* BURNS.[1]

1. CHATTEL MORTGAGES—RECORD—AFFIDAVIT.

In order to render a chattel mortgage valid as against a previous creditor of the mortgagor, the possession of the mortgaged property must be transferred to the mortgagee or a filing in strict accord with Act No. 258, Pub. Acts 1905, must be shown, regardless of the good faith of the mortgagor.

2. SAME—GOOD FAITH—AFFIDAVIT.

Failure to annex the statutory affidavit showing the good faith of the parties and adequacy of consideration, and containing a proper jurat, renders the filing a nullity, although the oath was properly administered and the notary merely omitted to fill in the blank jurat.

3. SAME—CREDITORS AFFECTED.

And creditors whose accounts were created before the legal filing of the mortgage, as well as those who have obtained judgment or levied attachment, are protected by the statute.

4. SAME.

As to subsequent purchasers and mortgagees notice of the chattel mortgage is equivalent to filing.

5. SAME.

Actual notice to a creditor of the existence of the mortgage is not sufficient.

6. SAME—RECORD—IRREGULARITY.

One who seeks to benefit from the recording laws must incur all risks of failure to put his papers upon record, whether the fault be his own or that of an officer.

7. AFFIDAVIT—JURAT—DEFINITION.

An affidavit is a sworn statement reduced to writing and evidenced by a certificate showing that it has been subscribed and sworn to before some officer having authority to administer oaths.

Error to Wayne; Hosmer, J. Submitted March 1, 1910. (Docket No. 150.) Decided April 1, 1910.

[1] Rehearing denied July 15, 1910.

Debt by the people of the State of Michigan, for the use and benefit of Michael Esper, Joseph P. Esper, and Edward Esper, copartners as Michael Esper & Sons, against James D. Burns, principal, and the Bankers' Surety Company, surety, upon a statutory bond. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendants on writ of error. Reversed.

*H. M. & D. B. Duffield,* for appellants.

*Charles Engelhard,* for appellee.

STONE, J. This is an action of debt on bond brought in the circuit court for the county of Wayne against James D. Burns, sheriff of said county, and the bonding company which furnished his general official bond, because of the seizure and sale of certain goods.

The facts in the case are as follows: On January 25, 1907, Twitchell Bros. Manufacturing Company, a corporation of Detroit, being indebted to the Independent Steel & Wire Company, an Illinois corporation, upon its promissory note which was past due, the latter company commenced suit in the Wayne circuit court against said Twitchell Bros. Manufacturing Company to recover for said indebtedness. On May 27, 1908, a judgment by consent and on withdrawal of plea was entered in favor of the plaintiff therein, and against the said Twitchell Bros. Manufacturing Company, for the sum due upon said promissory note, with interest and costs, the amount of which does not appear in this record. As soon as judgment was obtained, an execution was issued thereon and placed in the hands of said sheriff. With a view to the levying of an execution upon the personal property of said Twitchell Bros. Manufacturing Company, the attorneys for the Independent Steel & Wire Company examined the record in the office of the city clerk. There was found on file a chattel mortgage dated April 9, 1907, purporting to have been executed by Twitchell Bros. Manufacturing Company to Michael Esper & Sons in the sum of $875.

To this mortgage was. attached the printed form of an affidavit which was signed by the president of the Twitchell Bros. Manufacturing Company, and there it stopped. There was no jurat attached. There was nothing about it to indicate that it had been sworn to. The law governing the recording of chattel mortgages (see Act No. 258, Pub. Acts 1905) is as follows:

"SEC. 10. Every mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which shall hereafter be made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the township clerk of the township, or city clerk of the city, or city recorder of cities having no officer known .as city clerk, where the goods or chattels are located, and also where the mortgagor resides, except when the mortgagor is a nonresident of the State, when the mortgage, or a true copy thereof, shall be filed in the office of the township clerk of the township, or city clerk of the city, or city recorder of the cities having no officer known as city clerk, where the property is; and unless the mortgagor named in such mortgage, or conveyance intended to operate as a mortgage, or some person for him, having knowledge of the facts, shall, before the filing of the same, make and annex thereto an affidavit setting forth that the consideration of said instrument was actual and adequate, and that the same was given in good faith for the purposes in such instrument set forth, no officer shall receive such instrument or file the same in his office until such affidavit is made and annexed thereto. Every person who shall knowingly make any false statement in any such affidavit, upon conviction thereof shall be deemed guilty of the crime of perjury."

It will be observed that the date of the chattel mortgage is prior to the judgment of the Independent Steel & Wire Company, but it is subsequent to the debt incurred to the steel company, and subsequent to the commencement of suit by said company. There was nothing in the

appearance of the chattel mortgage to indicate that the affidavit form had been sworn to. When the sheriff levied upon the goods of the Twitchell Bros. Manufacturing Company, which goods were in possession of said company, he was notified by Edward Esper that there was a chattel mortgage upon the goods. The blank jurat was filled in and signed by John W. Eisman, notary public, and the date April 16, 1907 (the date of the filing of the chattel mortgage), was written in *after* the levy of the execution. There was a renewal affidavit attached to the chattel mortgage showing that the same had been sworn to March 30, 1908, by Edward Esper before a notary public. The levy was made by the sheriff on execution May 29, 1908, and sale followed. This suit was begun August 20, 1908. It appeared upon the trial of the case that James E. Twitchell, at the time he filed the chattel mortgage, signed and swore to the affidavit, but that the notary public, who was also the chief clerk in the office of the city clerk, failed to fill out or sign the jurat. The circuit judge upon the trial of the case directed a verdict and judgment in favor of the plaintiffs, and against the defendants, for the value of the goods seized and sold by the sheriff, amounting to $790.31.

The defendants have sued out a writ of error, and assign error upon the charge; and the single question is presented whether or not the chattel mortgage was entitled to be filed under the circumstances as above stated, and whether such filing was notice. It seems to us that the only question of law to be decided is whether the instrument placed on file in the office of the city clerk complied with the statute. The statute declares that such mortgage shall be absolutely void as against the creditors of the mortgagor, and nothing short of a change of possession or filing as the section requires can save it. *Cooper* v. *Brock*, 41 Mich. 488 (2 N. W. 660). Under this section of the statute, as to the creditor of the mortgagor, the questions of good faith and intention are im-

material. *Buhl Iron Works* v. *Teuton*, 67 Mich. 623–628 (35 N. W. 804).

In the absence of a change of possession—and none is claimed here—the statute requires that the mortgage or a copy thereof shall be filed in order to be effective. The statute above cited provides that, unless the mortgagor named in such mortgage or some person for him having knowledge of the facts *shall, before the filing* of the same, *make and annex* thereto an affidavit setting forth that the consideration of such instrument was actual and adequate, and that the same was given in good faith for the purposes in such instrument set forth, *no officer shall receive such instrument, or file the same in his office, until such affidavit is made and annexed thereto.* Nothing could be more explicit than this statutory provision, the object and purpose of which is apparent. Here, while the mortgagor may have taken the oath, the mortgagee did not have an affidavit annexed to the chattel mortgage when filed as the statute required. It must be held that a chattel mortgage filed in violation of the statute is not a compliance with the statute.

An affidavit has been defined to be a declaration on oath, in writing, sworn to by a party before and attested by some person who has authority to administer oaths. Bac. Abr. p. 146. This paper had only a blank jurat, and it did not show on its face, as it should, who administered the oath, nor that any oath was ever administered. Such a paper must be held to be a nullity. *Knapp* v. *Duclo*, 1 Mich. N. P. 189. It must be held, therefore, that the mortgage was not entitled to record, and that the record of an instrument not entitled to record is notice to no one. *Dutton* v. *Ives*, 5 Mich. 515.

The statute as affecting creditors has been discussed in this court in many cases. *Montgomery* v. *Wight*, 8 Mich. 143. A chattel mortgage is invalid as against creditors if not put on file when the goods remain in the mortgagor's possession, and this applies to those who become creditors during the interval while the mortgage is

not on file, and not merely to those who have obtained judgment or levied attachment before filing. *Fearey* v. *Cummings*, 41 Mich. 376 (1 N. W. 946). A chattel mortgage not filed is void as against creditors of the mortgagor by the express terms of the statute. *Putnam* v. *Reynolds*, 44 Mich. 113 (6 N. W. 198). A chattel mortgage, where possession is not given, is void as against the mortgagor's creditors, if not put on file in the proper office, even though recorded elsewhere by mistake. *Talcott* v. *Crippen*, 52 Mich. 633 (18 N. W. 392); *Crippen* v. *Fletcher*, 56 Mich. 386 (23 N. W. 56); *Haynes* v. *Leppig*, 40 Mich. 607; *Charles Root & Co.* v. *Harl*, 62 Mich. 420 (29 N. W. 29); *Johnson* v. *Stellwagen*, 67 Mich. 10 (34 N. W. 252); *Corbett* v. *Littlefield*, 84 Mich. 30 (47 N. W. 581, 11 L. R. A. 95, 22 Am. St. Rep. 681); *Cutler* v. *Steele*, 85 Mich. 627 (48 N. W. 631); *Dempsey* v. *Pforzheimer*, 86 Mich. 652 (49 N. W. 465, 13 L. R. A. 388); *Ramsdell* v. *Power Co.*, 103 Mich. 89 (61 N. W. 275); *Campbell* v. *Remaly*, 112 Mich. 214 (70 N. W. 432, 67 Am. St. Rep. 393); *Vining* v. *Millar*, 116 Mich. 144 (74 N. W. 459).

But as to subsequent purchasers and mortgagees notice is equivalent to filing. *American Cigar Co.* v. *Foster*, 36 Mich. 368; *Read* v. *Horner*, 90 Mich. 152 (51 N. W. 207). It is well that we keep this distinction in mind in considering this statute, for actual notice to the creditor of the existence of the mortgage does not appear to be sufficient. One who seeks to benefit from the recording laws must incur all risks of the failure to put his papers duly upon record, whether the fault shall be his own or that of an officer. *Barnard* v. *Campau*, 29 Mich. 162; *Grand Rapids Nat. Bank* v. *Ford*, 143 Mich. 402 (107 N. W. 76, 114 Am. St. Rep. 668).

We have not overlooked the case of *People* v. *Bristol*, 35 Mich. 28. In that case the mortgage when made was at once duly filed with the town clerk, who in this instance was the mortgagor himself. The clerk received and properly indorsed it. He omitted, however, to make

the entries which he should have done, and did not put the document in the files of mortgages where it was customary to place such instruments, but left it in another pigeon hole. It was held by this court that the filing was all that was required to be done by the party, and that the mortgagee, having done all that the statute requires of him, cannot be prejudiced by the failure of the officer to do his duty. We think that this case is easily distinguished from *People* v. *Bristol, supra.* In this case the statute prohibited the filing of the chattel mortgage until the proper affidavit was annexed thereto. The language of the amendment of 1905 is very significant. The affidavit must not only be made by the proper person, but must be annexed before the instrument is entitled to be filed. An instrument which conforms to the recording laws, and which is recorded, is notice to every one, but an instrument which does not comply with the statute is notice to no one, even if recorded. Whatever view may be taken as to whether an affidavit was made in this case, it is very clear that it was not annexed to the instrument in a complete form before filing. An affidavit is a sworn statement reduced to writing, and evidenced by the fact that it has been subscribed and sworn to before some officer having authority to administer oaths. Any other definition would make the requirement concerning annexation idle. It was clearly the duty of the mortgagee, if he wished to take advantage of the statute, to see that all its requirements had been complied with, and, if the mortgagee is content, as in this case, to take chances in that regard, and to leave it to the mortgagor, and the mortgagor does not comply with the statutory requirements, then the mortgagee should suffer the consequences, and not the creditor who seeks to collect his judgment.

For the error pointed out and discussed, the judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and BLAIR, JJ., concurred.