GRAND RAPIDS NATIONAL BANK *v.* FORD.

1. MORTGAGES—DEED INTENDED AS MORTGAGE—RECORD.
A deed absolute in form, but intended to operate as a mortgage, and accompanied by an unrecorded defeasance, is void as to a bona fide purchaser, it being recorded in the book of deeds instead of mortgages. Sections 8979, 8980, 8981, 8988, 3 Comp. Laws.

2. VENDOR AND PURCHASER—BONA FIDE PURCHASER—PRE-EXISTING DEBT.
A creditor who surrenders security for a portion of his claim afforded by a declaration of trust and receives in its stead a deed of lands, is, as to such lands, a bona fide purchaser, as against a prior grantee claiming under a conveyance ineffectually recorded.

Appeal from Kent; Perkins, J.   Submitted October 6, 1905.   (Docket No. 22.)   Decided March 27, 1906.

Bill by the Grand Rapids National Bank against Thomas F. McGarry, Nettie B. McGarry, and Mary A. Ford to foreclose a mortgage.   From a decree for complainant, defendant Ford appeals.   Reversed, and bill dismissed.

*Burlingame, Belden & Orton,* for complainant.

*Butterfield & Keeney,* for appellant.

MONTGOMERY, J.   This was a suit for the foreclosure of a deed held by the complainant as security for the debt of defendant Thomas F. McGarry.   The bill of complaint was taken as confessed by defendants Thomas F. McGarry and Nettie B. McGarry.   Defendant Mary A. Ford, a subsequent purchaser of the property, contested the right of the complainant in the circuit court, and now appeals from the decree of that court.

In September, 1897, the defendant Thomas F. McGarry and his wife executed a warranty deed running to Frank M. Davis (the cashier of complainant bank) of lot 4 of Tuft's second addition to the city of Grand Rapids.   This deed was given to secure the payment of a $1,000 note upon which McGarry's apparent liability was that of an indorser, and a further sum of $1,500 that day advanced. A defeasance was executed at the same time.   This deed was recorded in the book of deeds in the office of the register of deeds of Kent county.   It was not recorded in the book of mortgages.   Nor was the defeasance at any time recorded.   On September 15, 1900, the defendants McGarry conveyed the property in question by warranty deed to defendant Mary A. Ford.   She had no actual knowledge of the existence of the prior deed, but it was assumed that the property was free and clear from all incumbrances.

Two questions are presented for decision: (1) Whether

the record of the deed to complainant as a deed—the fact being admitted that it was as between the parties to it intended to operate as a mortgage—was constructive notice to Mrs. Ford; (2) whether, if the record be held not to be constructive notice, Mrs. Ford is in a position to assert rights as a bona fide purchaser.

The question first stated has been presented in briefs and arguments which indicate that nothing which would aid the court has escaped the attention of counsel. The provisions of the statute, in so far as they are material, are as follows:

Section 8979, 3 Comp. Laws, provides that the register of deeds shall keep an entry of deeds and an entry book of mortgages.

"SEC. 8980. In the entry books [book] of deeds, the register shall enter all deeds of conveyance absolute in their terms and not intended as mortgages or securities, and all copies left as cautions, and in the entry book of mortgages he shall enter all mortgages and other deeds intended as securities, and all assignments of any such mortgages or securities; and in the entry book of levies he shall enter all levies, attachments, notices or lis pendens, sheriffs' certificates of sale, and United States marshals' certificates [certificate] of sale, noting in such books the day, hour and minute of the reception and other particulars, in the appropriate columns in the order in which such instruments are respectively received, and every such instrument shall be considered as recorded at the time so noted. And the said record of such levies, attachments, notices, lis pendens, sheriffs' certificates, marshals' certificates, and the original papers required by statute to be filed to perfect such levies, attachments, notices, lis pendens, and certificates on file in the office of the register of deeds, shall be notice to all persons, of the liens, rights and interests acquired by or involved in such proceedings, and all subsequent owners or incumbrancers shall take subject to such liens, rights or interests.

"SEC. 8981. Different sets of books shall be provided by the registers of deeds of the several counties, for the recording of deeds and mortgages; in one of which sets all deeds required by the preceding section to be entered in the entry book of deeds, shall be recorded at full length,

with the certificates of acknowledgment or proof of the execution thereof, and in the other, all such instruments as are required to be entered in the entry book of mortgages, shall, in like manner, be recorded.

"Sec. 8988. Every conveyance of real estate within this State, hereafter made, *which shall not be recorded as provided in this chapter*, shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

It is very clear that, if the statute be construed literally, the instrument in question should have been recorded as a mortgage. It cannot be questioned that this deed was, by the parties to it, intended as a security. It would seem, therefore, that, unless the complainant's contention that the statute should be construed to mean that deeds, appearing to the register of deeds to be intended as security, are the only ones included in this phrase, the record was not made as the statute directs. It is strenuously insisted that the word "intended" should be interpreted as referring to something which is apparent in the language or form of the instrument, and not dependent upon the hidden mental process going on in the mind of either the grantor or the grantee, or both. This contention would have great force if the mere deposit of the paper for record constituted notice to subsequent purchasers, but it has been held that the statute (section 8988) above quoted, puts the burden upon the person offering the paper for record of seeing to it that the instrument is properly recorded. *Barnard* v. *Campau*, 29 Mich. 163; *Gordon* v. *Hydraulic Co.*, 117 Mich. 620. It is difficult to imagine a case in which the grantee in a deed would not be aware of the fact that such deed was intended as security. It is then within the power of the party offering the instrument for record to comply with the statute, if the statute be given the construction for which defendant's counsel contend. Indeed, we are not able to see how we can place upon the words "intended as security" the construction contended for by complainant, without doing violence to

the obvious import of the language. It is to be noted that the register is to record in the book of deeds all deeds of conveyance absolute in their terms, *and not intended as mortgages or securities.* The construction contended for would result in eliminating from the statute the words italicized.

Can the direction that instruments intended as security be recorded in the book of mortgages be treated as directory? Authorities are cited which, in construing statutes differing somewhat from ours, treat such a provision as directory; but we think the better reasoned cases hold such provisions mandatory. The purpose of the recording law is that the true state of the title be represented. If the grantee in a conveyance complies with the terms of the statute, he is protected. If he fails to comply with the plain requirements of the statute, the subsequent purchaser in good faith is protected, and is not to be charged with constructive notice. In 1 Jones on Mortgages (6th. Ed.), § 511, the rule is stated:

" When it is provided that mortgages shall be recorded in books kept for that purpose separate from other instruments, a mortgage recorded as a deed is not effectual as against subsequent bona fide purchasers or mortgagees, even if the mortgage be in form an absolute deed, but intended as security for a loan of money "—citing authorities.

The author adds:

" Except in States whose statutes require a different construction, the record of a conveyance in the form of an absolute deed, in a book kept for the recording of deeds, ought to be held to impart effectual notice of the rights or interests conveyed, although a statute requires mortgages to be recorded in separate books."

The author also cites *Kennard* v. *Mabry,* 78 Tex. 151, to the point that a statute, which is merely directory to the recorder in this respect, would not invalidate a record of the mortgage not made in the record books specially used for mortgages. This section fairly states the law. As

we have pointed out, we cannot construe this statute as being merely directory to the register, for the reason that in this State at least the duty of complying with the recording law rests upon the grantee.  Nor do we think we can safely treat any of the distinct requirements of this statute as directory merely.  The statute declares void, as against good faith purchasers, any conveyance "not recorded as provided in this chapter."  We cannot say that a conveyance recorded elsewhere than in the place designated is recorded as provided in the chapter referred to.  Our conclusion is sustained by the reasoning in the following cases:  *Thompson* v. *Mack*, Har. Ch. (Mich.) 150; *Gordon* v. *Hydraulic Co.*, 117 Mich. 620; *Dey* v. *Dunham*, 2 Johns. Ch. (N. Y.) 182; *Warner* v. *Winslow*, 1 Sanf. Ch. (N. Y.) 432; *Gillig* v. *Maass*, 28 N. Y. 214; *Odell* v. *Montross*, 68 N. Y. 502; *Friedley* v. *Hamilton*, 17 Serg. & R. (Pa.) 70; *Ives* v. *Stone*, 51 Conn. 446; *White* v. *Moore*, 1 Paige (N. Y.), 553. Numerous cases are cited by complainant, most of which rest upon statutes differing materially from ours.  As to those cases which cannot be distinguished, we must decline to follow them.

Does Mrs. Ford occupy the position of a bona fide purchaser ?  It appears that defendant McGarry had in his possession at one time $8,000 belonging to Mrs. Ford.  On November 1, 1898, McGarry represented to Mrs. Ford that he had loaned this money to one J. G. McGarry, and that to secure the repayment thereof J. G. McGarry had deeded to defendant McGarry a hotel property in Walker, Minn. The deed to Thomas F. McGarry was in fact made, but whether there had been a loan to J. G. McGarry is at least doubtful.  However, T. F. McGarry gave Mrs. Ford his promissory note for the amount, accompanied by an instrument reciting that he had negotiated a loan to J. G. McGarry, and declaring that said property was held in trust for Mrs. Ford, and providing for its sale in case of default.  The property, while subject to prior incumbrances, had an equity available to Mrs. Ford of something

over $2,000. On the 15th of September, 1900, a new agreement was made between the parties, by the terms of which McGarry deeded to Mrs. Ford the lot in Tuft's subdivision for $3,500, paid her $500 in cash, and agreed to pay the remainder in installments, which was to be in full of all claims and demands. And it was expressly agreed that this engagement was to take the place, and stand in lieu, of all other negotiations upon the subject-matter. This was a discharge of the security afforded by the declaration of trust. McGarry so treated it and conveyed away the equity in the Minnesota property before Mrs. Ford learned of complainant's claim. The rule of *Schloss* v. *Feltus,* 103 Mich. 525 (36 L. R. A. 161), is invoked by complainant. It is contended that the only consideration for the conveyance to Mrs. Ford was the discharge of a pre-existing debt. There was in this case something more. There was release of the security of the trust agreement, and a transfer of the trust property to an innocent purchaser while Mrs. Ford stood disabled to enforce the trust, because of her agreement to abrogate it. She could not have been placed in statu quo after learning that she had been defrauded. In these circumstances she is entitled to occupy the position of a bona fide purchaser.

The decree will be reversed, and the bill dismissed, with costs of both courts to defendant Ford.

CARPENTER, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.