NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0791n.06
Filed: October 24, 2006

No. 05-2597

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: JAMES DALE FISCHER, SR., | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| JEFF A. MOYER, Trustee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Plaintiff-Appellee, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| TINA ANN FROEMING, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COOK, McKEAGUE, Circuit Judges, and WILHOIT, District Judge.[*]

PER CURIAM. The trustee in this bankruptcy adversary proceeding seeks to void a conveyance from the Debtor to his daughter, Tina Froeming. Considering the decisions of the bankruptcy court and the district court as to the validity of the trustee's claim, we conclude that Michigan property law governing priority of recorded deeds denies the trustee bona fide purchaser ("BFP") status, preventing him from taking title to the property pursuant to 11 U.S.C. § 544. And in the absence of any clear error in the bankruptcy court's finding that the conveyance from the

_____

[*] The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation.

Debtor to Froeming was not fraudulent, we affirm the bankruptcy court on that issue, which leaves the conveyance to Froeming unaffected by the bankruptcy proceeding.

I

In 1998, James Fischer, the Debtor in this bankruptcy proceeding, deeded his home to his daughter, Froeming. They agreed orally that Fischer would continue to live in the house, but the deed did not reserve a life estate, and it went unrecorded. During the next several years, Fischer experienced financial troubles following several ill-fated loans to a son who defrauded him. Sometime in 2001—Fischer does not recall when—he received notice that he and his son were being sued in Arizona. As Fischer came to learn, his son used a power of attorney Fischer gave him for the sale of a coffee shop business to obligate Fischer to a third party, Von's Franchise Enterprises, Inc. ("Von's") for more than $100,000. Von's eventually obtained a default judgment against Fischer for $150,000 after several years of litigation in the Arizona courts.

Also in 2001, the same year Fischer received notice of the Arizona suit, he executed a second deed conveying his house and property to his daughter. This deed, prepared by an attorney and recorded a few weeks later, specifically reserved a life estate to Fischer.

Fischer filed for bankruptcy about two years after recording the second deed, and the bankruptcy court appointed Moyer as bankruptcy trustee. The temporal proximity between Fischer's second deed and his notification of the Arizona litigation led the trustee to institute an adversary

proceeding against Froeming seeking to invalidate the 2001 deed as a fraudulent conveyance. When Froeming's answer noted the 1998 unrecorded deed, the trustee amended the complaint to challenge the 1998 deed as an unrecorded transfer which would be void as to any later purchaser in good faith. This amended complaint reflected the trustee's revised strategy to defeat Froeming's title by use of the so-called "strong-arm power" of Section 544 whereby the trustee, having assumed the status of a bona fide purchaser without notice of Fischer's earlier unrecorded conveyance, would defeat Froeming's unrecorded interest. 11 U.S.C. § 544. Under Michigan's recording statute, a BFP without notice of other claims to property who first records his interest has superior title that defeats the claims of prior title holders who failed to record their deeds. *See* Mich. Comp. Laws § 565.29.

The bankruptcy and district courts reached divergent conclusions about the effect the 2001 deed has on the trustee's claim to BFP status. Both courts held that the 2001 deed was a "nullity," but differed about whether the recording of the 2001 deed could provide notice sufficient to defeat the trustee's claimed interest. We analyze the trustee's claim below.

II

In appeals from the decision of a district court reviewing a decision of the bankruptcy court, we review the bankruptcy court's decision, applying the clearly erroneous standard to findings of fact and de novo review to conclusions of law. *In re Am. HomePatient, Inc.*, 420 F.3d 559, 563 (6th Cir. 2005).

The 1998 Deed

Although the 1998 deed was a valid conveyance as between Fischer and Froeming, it was not recorded, and therefore could not give the notice necessary to defeat the title interest claimed by the trustee in his statutory role as BFP. Under the Michigan recording act, "unrecorded conveyances of real estate are void as against any subsequent purchaser in good faith." *Evans v. Holloway Sand & Gravel, Inc.*, 308 N.W.2d 440, 444 (Mich. 1981). Because Section 544 treats the trustee as a subsequent purchaser for value and the 1998 deed was unrecorded, the trustee lacked notice of Froeming's interest and his title is superior to Froeming's under the 1998 deed. We reach a contrary conclusion, however, about the 2001 deed.

The 2001 Deed

Fischer's 2001 deed was properly recorded and reserved to him a life estate in the property. Although the bankruptcy court analyzed the 2001 deed as void inasmuch as the 1998 deed already conveyed the property and the debtor had no remaining interest in the property to convey in 2001, it nevertheless validated the constructive-notice feature of the 2001 deed as depriving the trustee of BFP status. The district court agreed with the bankruptcy court's conclusion that "the 2001 deed . . . was of no effect because it transferred no interest to Froeming," but reversed the bankruptcy court's ruling that credited the 2001 deed with providing constructive notice of Froeming's interest.

The Michigan recording statute, Mich. Comp. Laws § 565.29, settles disputes between earlier- and later-taking parties. In the simplest case, the recording act resolves a dispute in which one person conveys the same interest to two or more different persons consecutively.

In this case, the bankruptcy court and the district court both correctly noted that at the time of the 2001 deed, Fischer no longer had any interest to convey. But concluding from Fischer's lack of interest in the property that Froeming could derive no interest from the 2001 deed ignores the recording statute, which lends validity precisely to such subsequent conveyances. A second conveyance by the same grantor is valid where the second conveyance is recorded and the first is not, even though no interest remains in the grantor at the time of the second conveyance. *See Burns v. Berry*, 3 N.W. 924, 925–26 (Mich. 1879). Moreover, the recording act protects any recorded interest, whether for value or not, against later claims of an ownership interest in that same property. *Grand Rapids Nat'l Bank v. Ford*, 107 N.W. 76, 78 (Mich. 1906). Thus, the recording act validates the debtor's second conveyance of the same property, protects Froeming's ownership interest as against any later claimants to the property, and defeats the trustee's claim to BFP status.

III

Finally, we review the bankruptcy court's holding that the 2001 conveyance was not a fraudulent conveyance, and thus not voidable under 11 U.S.C. § 544 for clear error. Fischer insists that he executed this deed after a friend advised him to record his life estate, and that this second conveyance had nothing to do with the impending Arizona lawsuit. The trustee disagrees and

maintains that the 2001 conveyance was a collusive transfer between Fischer and his daughter in an effort to evade Von's judgment against Fischer. Finding that the bankruptcy court received ample credible evidence on which to base its ruling that Fischer did not convey the property with the intent to evade his creditors, we discern no clear error.

IV

We affirm the bankruptcy court's holding that the 2001 conveyance was not fraudulent and hold that the 2001 conveyance gave Froeming an interest in the property superior to the trustee's. Reversed and remanded for entry of judgment in favor of Froeming.