*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIAN S. SLAGTER,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
July 23, 2019

No. 343763
Tax Tribunal
LC No. 17-003670-TT

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Petitioner appeals as of right from the Michigan Tax Tribunal's decision that the Department of Treasury (the Department) properly denied petitioner's claim of a principal residence exemption (PRE) under MCL 211.7cc for the 2013, 2014, and 2015 tax years. The Tax Tribunal determined that petitioner was the owner of the subject residential properties but could not receive the PRE because he did not occupy the properties during the tax years at issue. The Tax Tribunal also determined that petitioner's wife, a co-owner of the properties, could not claim the PRE because she did not file the required affidavit and, in any event, did not occupy the properties for the tax years at issue. Though petitioner transferred the properties to a new owner, the Tax Tribunal ruled that petitioner was nonetheless liable for the taxes resulting from the improperly assessed PRE because petitioner conveyed the properties to a bona fide purchaser. We affirm.

On appeal, petitioner raises two issues. First, he argues that he validly claimed the PRE on behalf of his wife. Second, he argues that as a result of his conveyance of the properties by warranty deed in lieu of foreclosure, the current owner of the properties was not a bona fide purchaser and should be liable for any additional tax, interest, or penalties.

This Court's review of a ruling from the Tax Tribunal such as the one before us was explained in *Drew v Cass Co*, 299 Mich App 495, 498-501; 830 NW2d 832 (2013) as follows:

> Review of a decision by the [Michigan Tax Tribunal] is very limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). "In the absence of fraud, error of law or the adoption of wrong principles, no

appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28. "The tribunal's factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490-491; 618 NW2d 917 (2000). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin Steel Corp v Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). "The appellant bears the burden of proof in an appeal from an assessment, decision, or order of the Tax Tribunal." *ANR Pipeline C v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005).

Additionally, we review de novo issues of statutory construction. *Klooster v Charlevoix*, 488 Mich 289, 295-296; 795 NW2d 578 (2011). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Id.* at 296. The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent. *Id*. While, generally, the interpretation of a statute by an agency charged with its execution is entitled to "the most respectful consideration," an agency's construction of a statute is not binding on the courts and cannot conflict with the Legislature's intent as expressed in clear statutory language. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008) (quotation marks and citation omitted). Moreover, "statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority." *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008).

"Michigan's principal residence exemption, also known as the 'homestead exemption,' is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc and MCL 211.7dd." *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017) (quotation marks and citation omitted). MCL 211.7dd(c) states that a "principle residence" is

the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. . . . Principal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner.

Under MCL 211.7cc(1), "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section." With some exceptions not applicable here, MCL 211.7cc(2) provides that an owner of property can claim the PRE by filing an affidavit that must

state that the property is owned and occupied as a principal residence *by that owner* of the property on the date that the affidavit is signed and shall state that the owner has not claimed a substantially similar exemption, deduction, or credit

on property in another state. The affidavit shall be on a form prescribed by the department of treasury. . . . If an owner of property filed an affidavit for an exemption under this section before January 1, 2004, that affidavit shall be considered the affidavit required under this subsection for a principal residence exemption and that exemption shall remain in effect until rescinded as provided in this section. [Emphasis added.]

MCL 211.7dd(a) defines an "owner" to include any of the following:

> (*i*) A person who owns property or who is purchasing property under a land contract.
>
> (*ii*) A person who is a partial owner of property.
>
> (*iii*) A person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession.
>
> (*iv*) A person who owns or is purchasing a dwelling on leased land.
>
> (*v*) A person holding a life lease in property previously sold or transferred to another.

MCL 211.7dd(b) provides, " 'Person', for purposes of defining owner as used in section 7cc, means an individual and for purposes of defining owner as used in section 7ee means an individual, partnership, corporation, limited liability company, association, or other legal entity."

Petitioner claimed the PRE by relying on an affidavit that he submitted stating that he owned and occupied the subject properties as his principle residence for tax years 2013-2015. It is undisputed that petitioner did not, in fact, occupy the subject properties as his principle residence in those years. When this came to light, the Department denied the claimed PRE. Petitioner appealed to the Tax Tribunal, contending that his wife occupied the properties as her principle residence, and because he and his wife were co-owners of the properties, "they were a single owner," and she did not need to file a separate affidavit for the property to be entitled to a PRE.

We first note that MCL 211.7cc(3)(c) provides that "a person is not entitled to an exemption under this section in any calendar year in which . . . [t]hat person has filed a nonresident Michigan income tax return," with an exception not applicable here. Petitioner's wife submitted her Michigan income tax returns for 2013-2015, and in tax years 2014 and 2015, petitioner's wife filed a nonresident Michigan tax return. By the plain language of MCL 211.7cc(3)(c), petitioner's wife is barred from claiming the PRE for those years. Thus, even if petitioner's argument is otherwise meritorious, he is, at most, entitled to the exemption for 2013.

But by the plain language of MCL 211.7cc(2) as defined by MCL 211.7dd(a) and (b), we conclude that petitioner cannot claim the exemption on his wife' behalf. MCL 211.7cc(2) provides that "an owner of property may claim 1 exemption . . . by filing an affidavit," and "[t]he affidavit shall state that the property is owned and occupied as a principal residence *by that owner* . . . ." Thus, the "owner" occupying the property must file the affidavit. As relevant here,

MCL 211.7dd(a)(*i*) defines an "owner" as "[a] person who owns property . . . ." And " '[p]erson', for purposes of defining owner as used in section 7cc means an individual . . . ." MCL 211.7dd(b). Based on these definitions, an "owner" as used in MCL 211.7cc refers to "an individual"; an "owner" cannot constitute two individuals, even if they are co-owners. Thus, petitioner's argument is without merit, and he was not entitled to the exemption.

The Legislature's differing definitions of "person" as used in MCL 211.7cc compared to MCL 211.7ee further supports our ruling. Petitioner argues that, as co-owners, he and his wife were "a single legal entity." Again, MCL 211.7dd(b) provides, " 'Person', for purposes of defining owner as used in section 7cc, means an individual and for purposes of defining owner as used in section 7ee means an individual, partnership, corporation, limited liability company, association, or other legal entity." Based on the statute's plain language, the Legislature gave a limited meaning to "person" "for purposes of defining owner as used in section 7cc"; in such an instance, "person" means "an individual," whereas "person" in MCL 211.7ee includes various legal entities. MCL 211.7dd(b). By limiting the definition of "person" when used to define an "owner" in MCL 211.7cc to an individual, and then in the same sentence allowing "person" as used in MCL 211.7ee to include legal entities, the Legislature showed that "person" as used to define an "owner" in MCL 211.7cc was not intended to refer to legal entities. Thus, by the plain language of MCL 211.7dd(b), even if petitioner and his wife were "a single legal entity," that legal entity could not be an "owner" for purposes of filing an affidavit for the PRE as provided in MCL 211.7cc.

Next, we consider petitioner's claim that he is not liable for any additional taxes, interest, or penalties because he conveyed ownership of the subject property to a new grantee, Parkland Hideaway, LLC, by warranty deed in lieu of foreclosure.

MCL 211.7cc(8) provides, in relevant part, that "if the property has been transferred to a bona fide purchaser before additional taxes were billed to the seller as a result of the denial of a claim for exemption, the taxes, interest, and penalties shall not be a lien on the property and shall not be billed to the bona fide purchaser," but rather assessed to the owner who improperly claimed the exemption. The Tax Tribunal ruled that this language applied and so held petitioner liable for the taxes, interest, and penalties that resulted from the improperly claimed PRE. Petitioner argues that this section should not have applied because the conveyance of the properties was not a "purchase," and even if it was, Parkland was not a "bona fide purchaser."

"Purchase" and "bona fide purchaser" are not defined in the statute, so we must consult a dictionary. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). "Consulting a lay dictionary is proper when defining common words or phrases that lack a unique legal meaning, but when the statutory term is a legal term of art, the term must be construed in accordance with its peculiar and appropriate legal meaning." *Farris v McKaig*, 324 Mich App 349, 354; 920 NW2d 377 (2018) (quotation marks and citation omitted). "Purchase" is defined substantially similar in both a lay and a legal dictionary. *Merriam-Webster Collegiate Dictionary*, (11th ed), defines "purchase" in relevant part as "to acquire (real-estate) by means other than descent" or "to obtain by paying money or its equivalent." Black's Law Dictionary defines "purchase" as

-4-

1. The act or an instance of buying. 2. The acquisition of an interest in real or personal property by sale, discount, negotiation, mortgage, pledge, lien, issue, reissue, gift, or any other voluntary transaction. 3. The acquisition of real property by one's own or another's act (as by will or gift) rather than by descent or inheritance. [*Black's Law Dictionary* (10th ed).]

Both the lay and legal dictionaries' definition of "purchase" is broad, and we conclude that they include the conveyance at issue here: an acquisition of real property by warranty deed as part of a voluntary transaction in lieu of mortgage foreclosure.

The only remaining issue is whether Parkland was a bona fide purchaser, which is a legal term of art. Black's Law Dictionary defines bona fide purchaser as

[s]omeone who buys something for value without notice of another's claim to the property and without actual or constructive notice of any defects in or infirmities, claims, or equities against the seller's title; one who has in good faith paid valuable consideration for property without notice of prior adverse claims. [*Black's Law Dictionary* (10th ed).]

See also *Pinconning State Bank v Henry*, 258 Mich 44, 49; 241 NW 913 (1932) ("To be a bona fide purchaser, defendant must have purchased the personal property in question for value in good faith and without notice either actual or constructive."); 1 Cameron, Michigan Real Property Law (3rd ed), § 11.20, pp 395–396 (explaining that a bona fide purchaser is "a person who purchases or acquires some interest in real estate for valuable consideration in good faith, without notice that some third party claims a right to or interest in it").

It is undisputed that Parkland acted in good faith and had no notice of the tax at issue; the tax was assessed after Parkland purchased the properties. The parties also do not dispute that the transfer of the properties to Parkland was in exchange for a forgiveness of outstanding debt in the amount of $97,058, and was done in lieu of foreclosure. The dispute on appeal is whether this debt forgiveness constitutes a payment "for value" so as to make Parkland a bona fide purchaser.

"The release of a preexisting debt in return for the conveyance of land constitutes value." 1 Cameron, Michigan Real Property Law (3rd ed), § 11.26, p 403, citing *Grand Rapids Nat Bank v Ford*, 143 Mich 402; 107 NW 76 (1906). In *Grand Rapids Nat Bank*, 143 Mich at 408, the Michigan Supreme Court explained that the bona fide purchaser did more than "discharge . . . a pre-existing debt"; she also released "the security of [a] trust agreement" covering certain lands. Similarly, here, Parkland not only released $97,058 in return for the conveyance of the subject properties, but released its foreclosure rights.[1] Thus, Parkland's purchase of the properties was "for value," and Parkland was a bona fide purchaser. Based on MCL 211.7cc(8), the Tax Tribunal correctly determined that petitioner remained liable for any outstanding taxes, penalties, or interest.

---

[1] We also note that the warranty deed stated that it was a voluntary conveyance and also stated that petitioner received $1 "and other good and valuable consideration" in exchange.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron